## NOBLE *v.* ESTATE OF KORTRIGHT.

### APPEAL from the District Court of San Juan, Section 2.

No. 199.—Decided May 28, 1908.

APPEAL—JUDGMENT CONTRARY TO THE EVIDENCE—CONSIDERATION OF THE EVIDENCE.—In order that this court may consider the evidence when the judgment is assailed on the ground that it is contrary to the evidence, the appeal must be taken within 15 days after the judgment is rendered, as required by section 295 of the Code of Civil Procedure.

NEW TRIAL—APPEAL—STATEMENT OF THE CASE NOT AUTHENTICATED.—Where a statement of the case presented on appeal from an order denying a new trial is not authenticated by the certificate of the judge, this court cannot consider the findings of the trial court upon the evidence.

The facts are stated in the opinion.

*Mr. Felipe Cuchí* and *Mr. Cay. Coll Cuchí* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

On March 27, 1907, William David Noble, through his attorneys, Felipe Cuchí and Cay. Coll y Cuchí, filed the complaint the origin of these proceedings in the Second Section of the District Court of San Juan against the Estate of Eliza Kortright, who died without leaving a will, represented by the judicial administrator of the intestate, Edward Wood, said complaint reading as follows:

"I. The plaintiff is of age, a native of Porto Rico, and a resident of this capital.

"II. Eliza Kortright, a native of this Island, and a resident of San Juan, died in this city on July 20, 1906, without leaving any will and having no relatives, she being unmarried at the time of her death.

"III. The district court has just taken charge of the estate and appointed Mr. Edward Wood, a resident of this city, the administrator thereof, placing him in possession of the property constituting the estate.

"IV. The plaintiff, under agreement with her, commenced to render services as agent of the deceased in December, 1899, for a consideration proportionate to his services as such agent, which was to be

paid as soon as she had settled matters which she had pending in the District Court of the United States for Porto Rico.

"V. The plaintiff estimates the value of the services rendered by him at the sum of $13,500, which has not been paid him, nor any part thereof.

"Therefore, he prays that, after compliance with the formalities of law, judgment be rendered in due time adjudging the Estate of Eliza Kortright, represented by the administrator thereof, to pay the plaintiff the sum of $13,500 due him therefrom, as stated in the body of this complaint, with the costs and expenses which may be incurred.

"San Juan, P. R., March 27, 1907. (Signed) Felipe Cuchí. Cay. Coll y Cochi, Attorneys for the Plaintiff."

Answer was made to this complaint by the judicial administrator of the intestate, Wood, through his attorney, Herminio Díaz Navárro, generally and specifically denying the truth of the facts and allegations thereof and praying the court that, considering said complaint as having been answered, it be pleased, finally, to dismiss the same.

The trial having been held and the evidence heard, the judge of the Second Section of the District Court of San Juan delivered the following opinion:

"The complaint in this case was filed on August 22, 1906, and it was prayed therein that the defendant estate be adjudged to pay the plaintiff the sum of $13,500, which was the total sum owed by Miss Kortright to the plaintiff as his salary from December 1, 1899, to June 30, 1906.

"On August 30, 1906, the plaintiff asked leave to amend his complaint in the sense that Miss Kortright, at the expiration of the first year and every successive year, requested the plaintiff to wait for the collection of the amount lawfully due him until the termination of certain litigation which the deceased had pending in the Federal Court of Porto Rico, which the plaintiff agreed to do, but unfortunately the death of said lady occurred without her having been able to settle her account with the plaintiff.

"On September 11, 1906, the defendant answered the complaint, generally and specifically denying the truth of the facts alleged therein.

"On May 9, 1907, the plaintiff again asked leave to amend the complaint, which leave the court granted. And on August 8, 1907, the hearing was finally had in accordance with the law.

"As we have stated, the sum of $13,500 is claimed in this case for services rendered during a period of seven years, and the defendant having denied the truth of the facts alleged in the complaint it devolved upon the plaintiff to prove them fully.

"Did the plaintiff do this at the hearing? We must reply in the negative.

"The plaintiff testified and submitted a list prepared by himself of all the services rendered. The first service is dated December 3, 1899, and the last January 1, 1906, and each item gives the amount due.

"The services are for translations of old records, the search for antecedents, search for witnesses, attendance at the survey of lands, etc.

"The plaintiff also testified that he was a business agent and that Miss Kortright had promised to pay him for the services which he rendered, but never did so because she was awaiting the termination of the actions pending in the Federal Court.

"In addition to the deposition of the plaintiff he produced as evidence documents and the testimony of witnesses. There were two documents, one showing two loan transactions which Miss Kortright had made with the Banco Español de Puerto Rico, in which the plaintiff signed the documents, and another showing that the marshal of the District Court of the United States had given possession to the plaintiff, as the agent of Eliza Kortright, of certain lands in the case of *Eliza Kortright* v. *Bonancio Ramos.*

"And there were three witnesses who testified more or less to the same effect, namely, that they knew that the plaintiff had represented Miss Kortright on several occasions.

"This is all the evidence. There is no doubt that the plaintiff had business relations with Miss Kortright and that he represented her in some of her affairs. The plaintiff alleges that he did so with the intention of receiving remuneration for his servces, that he had so agreed with Miss Kortright, and that she had never paid him what she owed him; but of this there is no evidence other than the testimony of the plaintiff.

"And can we give credit to the testimony of a plaintiff who alleges that he is a business agent and employs his time in rendering services to a person. the value of which he estimates at $13,500 for a period of seven years, and when called upon to prove his statement confines him-

self to testifying and presenting a list prepared by himself, and does not submit a single book of accounts nor a single letter received from the person for whom he worked and who entrusted him with the simplest commission?

"In our opinion not at all.

"And this being the case, and as it appears that the plaintiff has not proved the facts alleged in this complaint—facts, the truth of which was denied by the defendant in his answer and in his argument at the trial, we hold that judgment should be rendered against the plaintiff, with the costs.

"And we so order.

"Open court, September 4, 1907.—(Signed) Emilio del Toro, Judge of the Second Section."

Application having been made by counsel for the plaintiff for a new trial on the ground that the decision of the judge was contrary to the law as not supported by the evidence, it was denied by the judge by order of September 28, 1907, on the grounds set forth in his opinion hereinbefore transcribed.

Counsel for the plaintiff took an appeal from said order and the judgment rendered in the action, and the transcript of the record having been received in this Supreme Court, including a statement of facts which had been attached to the application for a new trial, counsel for the appellant filed his brief, in which, after setting forth all that he deemed in furtherance of his right in opposition to the findings of the judge of the lower court upon the evidence which he considered sufficient to justify the complaint, he closed praying the Supreme Court to reverse the judgment rendered by the district court; and that in view of the evidence taken at his instance and in accordance with the provisions of the act of the Legislative Assembly governing the matter it render the new judgment which may be proper in law.

Counsel for the intestate did not appear at the second instance, and a day having been set for the hearing it was had without the attendance of counsel for either of the parties.

Now then, in view of these antecedents, the first question to be considered by the court is whether or not this Supreme

Court can enter upon an examination and consideration of the evidence in order to judge of the justice of the judgment appealed from, or, on the contrary, if the findings upon the evidence of the judge at the trial court should be considered as not admitting discussion in the present case. We are of opinion that they do not, because the final judgment in the case having been rendered on December 4, 1907, and the notice of appeal having been filed on the 20th of said month—that is to say, 16 days after the rendition of judgment—it was not filed within the period established by section 295 of the Code of Civil Procedure for appeals from judgments on the ground that it is not supported by the evidence, or within 15 days after the rendition thereof, which period expired on the 19th, a working day, and consequently the findings of the judge of the trial court as to the insufficiency of the evidence produced by the plaintiff in support of his complaint became final, and this Supreme Court lacks jurisdiction to review them, as it has held in a number of cases unnecessary to cite because they are known to all.

Therefore, this being the only question to be considered in this case, because no other question of law is submitted to the consideration of the court which requires special decision in the opinion of the undersigned, the judgment of September 4 last appealed from, which dismissed the complaint with the costs against the plaintiff, should be affirmed in every respect.

With regard to the other appeal taken in this case from the order of the judge of the 27th of said month of September denying the new trial applied for by the plaintiff on the ground that the judge had committed an error of law in his findings on the evidence, as it would be necessary to examine the evidence heard at the trial in order to enter into considerations of this character, and as we cannot do this for the reason that the statement of facts presented by the appellant lacks the certificate of the judge showing that he had approved it with the formalities prescribed by law and in the manner the

latter requires to establish the genuineness of said document
and the correctness of the contents thereof in order that it
may serve as a basis for the decisions of the appellate court,
for these reasons the undersigned justice is also of the opinion·
that the said order of September 29 last should be affirmed,
with the costs of this appeal against the appellant.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf con-
curred.